# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

CATHY J. HARRELL, )
  )
         Plaintiff, )
  )
     v. ) No. 11-0621-SSA-CV-W-MJW
  )
CAROLYN W. COLVIN, )
Acting Commissioner, )
Social Security Administration, )
  )
         Defendant. )

## ORDER

Plaintiff Cathy J. Harrell seeks judicial review,[1] of a final administrative decision denying plaintiff Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on June 24, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1962 and was 45 years of age on the date of her application for Supplemental Security Income. Plaintiff has no past relevant work. Plaintiff filed her application for SSI on November 8, 2008. Her application was denied initially on August 13, 2008. Thereafter, at plaintiff's request, a hearing was held on January 11, 2010. Following the hearing, the administrative law judge (ALJ) found plaintiff was not disabled as defined by the Social Security Act.

The ALJ's decision found plaintiff had not engaged in substantial activity since July 8, 2008, the date she filed her application. The ALJ found plaintiff had the following severe impairments: status post-open reduction and internal fixation of a left femur fracture with residual neuropathy and antalgic gait regarding that extremity; a depressive disorder, not otherwise specified; and a substance abuse disorder in partial remission. The ALJ found that these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ determined plaintiff retained the residual functional

capacity (RFC) to perform sedentary work, but with limitations to account for her impairments. The ALJ determined plaintiff could perform jobs that exist in significant numbers in the national economy, and therefore, is not disabled as defined by the Social Security Act.

Plaintiff alleges the ALJ erred in giving weight to the opinion of a single decision-maker in determining plaintiff's RFC, in the hypothetical posed to the vocational expert, and in the determination that plaintiff had the ability to perform jobs that exist in substantial numbers in the national economy. The Commissioner concedes the ALJ did improperly give weight to the opinion of a single decision-maker, but argues, nevertheless, there is substantial evidence in the record to support the decision of the ALJ.

Upon review, this Court finds that the weight given to the single decision-maker by the ALJ is reversible error. It appears the ALJ relied on the opinion of the single decision-maker, perceiving it to be medical evidence. A single decision-maker is not an acceptable medical source, and therefore, cannot give a medical opinion or establish the existence of a medically determinable impairment. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). It is legal error for the ALJ to give weight to an opinion of a lay person as being a medical consultant. Dewey v. Astrue, 509 F.3d 447, 449 (8th Cir. 2007). Moreover, this Court finds this error was prejudicial in the ALJ's determination of plaintiff's RFC and in the finding that plaintiff could perform other work.

## Conclusion

After carefully reviewing the record, the Court finds the administrative record is not sufficiently developed in order for the ALJ to make a determination as to plaintiff's disability. Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This is because the evidence in this case has not been properly considered. This case is remanded for further development of the record. Specifically, the ALJ should properly consider the medical opinions of record, giving no weight to the opinion of the single decision-maker. With no weight given to the single decision-maker's opinion, the ALJ can properly review the medical opinion evidence and the record as a whole in determining whether plaintiff is disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case remanded, pursuant to Sentence 4, for further consideration and development of the record as set forth herein.

Dated this 12th day of August, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge